UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWNEE TRIBE, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. 20-CV-290-JED-FHM ) |
| STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF THE TREASURY, DAVID BERNHARDT, | ) ) ) ) |
|       Defendants. | ) ) |

## ORDER

This matter comes before the Court on Plaintiff Shawnee Tribe's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3).[1] The Tribe originally filed its Motion ex parte, but the defendants later entered appearances and filed a Notice (Doc. 6) indicating their intent to oppose the TRO. The Tribe then moved for a hearing on the matter. (*See*. Doc. 15).

**I.  DISCUSSION**

Briefly stated, the Tribe seeks to enjoin Defendant Steven Mnuchin, Secretary of the United States Department of the Treasury, from disbursing $12 million of an $8 billion fund Congress set aside for tribal governments under Title V of the CARES Act, 42 U.S.C. § 801(a)(2)(B). The Tribe contends that the Secretary's method for distributing the initial tranche of funds ($4.8 billion, or 60 percent of the total allotment) was arbitrary and capricious under the Administrative Procedure Act (APA) because the Department relied on data it knew to be faulty when calculating each tribe's pro rata share. The Department's distribution formula was based on population, but it relied on a data set that placed the Shawnee Tribe's enrollment at zero rather than its true population of 3,021.

---

[1]   Although the Tribe styles its Motion as an "Ex Parte Motion for Temporary Restraining Order," the Motion itself clearly seeks both a TRO and a preliminary injunction. (Doc. 3 at 1).

As a result of the error, the Tribe asserts, it received the minimum payment of $100,000 rather than its rightful pro-rata share, which the Tribe estimates to be not less than $12 million. The Tribe seeks an order directing the Secretary to withhold from the Department's second round of disbursements (roughly $3.2 billion), an amount of money equal to that the Tribe would have received had the Department relied on more accurate data.

The grant of a TRO is unwarranted at this time for several reasons. First, the Tribe seeks an order directing the Secretary to set aside money from the second tranche of tribal funds, but the Department released almost all of that money on June 17, 2020, (*see* Doc. 6-3), the day before the Tribe filed its suit and accompanying motion.[2] What remains of the CARES Act's tribal funds is already spoken for. As of June 17, the Department was withholding about $1.5 million, allocated to two tribes, that the Department was unable to disburse due to a technical glitch. (Doc. 6-3). The Department was also withholding an unspecified portion of funds it intended to disburse to Alaskan Native regional and village corporations, or ANCs, at the direction of District Court for the District of Columbia, which was considering whether ANCs qualified as Indian Tribes within the meaning of the CARES Act. (Doc. 6-3); *Confederated Tribes of the Chehalis Reservation v. Mnuchin*, Case No. 20-cv-1136, 2020 WL 1984297 (D.D.C. April 27, 2020). On Friday, June 26, 2020, the court ruled for the government, holding that ANCs qualified as Indian Tribes and were therefore entitled to receive Title V funds. *See Confederated Tribes* Case No. 20-cv-1136, Doc. 97. Presumably, the money earmarked for the ANCs will now be distributed as planned.

The Tribe argues that withholding the requested amount will not harm those still waiting on their disbursements because "[o]ther tribes receiving those funds based on false data have no

---

[2] Although the disbursement of the second tranche was known to the Tribe's counsel before the filing of this suit, (*see* Doc. 6-1), the Tribe's Motion describes the disbursements as imminent rather than already executed.

legitimate basis to claim those funds." (Doc. 3 at 13). This presumes, however, that the Department's formula overpaid the two tribes and the ANCs who have yet to receive their funds. It is possible that their enrollment numbers were understated too, and that they were shorted in the same way the Tribe claims that it was. Moreover, even if their pro-rata shares were inflated at the expense of the Shawnee Tribe, the same would be true of many other tribes that have already received their disbursements. It is unclear why the entirety of the disputed $12 million should be assessed against tribes and ANCs whose disbursements, through no apparent fault of their own, have been delayed.

Second, the Tribe has not adequately explained why it waited so long to file this suit. The Department announced its methodology for the allocation of the first tranche of disbursements on May 5th, 2020, and the Tribe was told on May 13th that there was no process by which it could challenge its distribution amount. (Doc. 3 at 6). The Prairie Band of the Potawatomi Nation, which also suffered under the Department's chosen methodology, filed suit a full week before the plaintiff.  *See* Mem. Op. and Order, *Prairie Band of Potawatomi Nation v. Mnuchin*, Case. No. 20-cv-1491, 2020 WL 3402298 (D.D.C. June 11, 2020), *appeal filed* 20-5171 (D.C. Cir. June 18, 2020). Even there, the court found that the *Prairie Band* had unduly delayed in bringing suit. (*Id.* at *2).

Finally, the Tribe's likelihood of success on the merits is sufficiently in doubt that the Court is unwilling to grant a TRO without the benefit of a fully-fledged response brief from the defendants. In *Prarie Band*, the Court held that allocation of tribal funds under Title V was subject to the administration's discretion and therefore unreviewable. (*Id.* at *1). Furthermore, the defendants have suggested (though not yet formally moved) that the Court should transfer this case

3

to the District Court for the District of Columbia, where *Prairie Band* and other cases involving Title V funds have been litigated.

## II.     CONCLUSION

For the reasons explained above, Plaintiff's Motion (Doc. 3) is denied with respect to the Temporary Restraining Order. The Court will withhold ruling on the Plaintiff's request for a preliminary injunction until the matter has been fully briefed. Defendants shall file their full response to the Motion (Doc. 3), as well as any motion to transfer the case, no later than July 9, 2020. The Plaintiffs' Motion for a Hearing (Doc. 16) is also **denied**. The Court will determine whether a hearing is necessary regarding the proposed injunction at the close of briefing.

SO ORDERED this 29th day of June, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT